Silva, J.
The plaintiff appeals from the allowance of the defendant’s Motion for Summary Judgment in an action brought against the defendant, Adminis-tratrix, based on ajudgment obtained against the defendant’s intestate during his lifetime. The judgment (docket #49159) was obtained by default on October 18,1984 for failure of the defendant, Paul Ford, to appear in answer.
This action against the administratrix was commenced on August 15,1985, and in her answer she questions the jurisdiction of the Court alleging no personal service on the defendant, Paul Ford. The answer also raises defenses of lack of mental capacity and that the oil delivered had not been ordered by the defendant’s intestate.
A Motion for Summary Judgment was filed by the plaintiff, and the defendant filed a Motion in Opposition to Summary Judgment, accompanied-by an affidavit, also filed aMotion to Vacate Judgment in case number #49159.
On November 13, 1985 the Court made the following orders:
“1. Plaintiffs Motion for Summary Judgment allowed, but judgment allowed is judgment of defendant.
“2. Defendant’s Motion in Opposition to Plaintiffs Motion for Summary Judgment allowed.
“3. Motion to Vacate Judgment in #49159 allowed.”
We find that any error was a matter of form rather than substance. Allowance of Motion to Vacate Judgment in #49159 rendered the allowance of motions in #51549 moot, and in effect removed the default thereby allowing the defendant’s administratrix, upon a suggestion of death to be substituted as a party defendant in the original action. The status of the pending actions at this point required dismissal of #51549, sua sponte, since there was no claim upon which relief could be granted.
Since ajudgment represents afinal adjudication of the rights of the parties, revocation of the judgment places the parties once again in the status of litigants pending adjudication of their dispute.
The plaintiff claims to be aggrieved by the Court’s rulings on plaintiffs Motion for Summary Judgment and the defendant’s Motion in Opposiiton to Summary Judgment. No appeal was claimed on the Court’s ruling vacating a judgment in #49159. Therefore we assume that the plaintiff is content.
We find no prejudicial error but, to clear the record, order that action #51549 be dismissed, since the parties’ dispute will be litigated in a trial on #49159. _